UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

|  |  |  |
|---|---|---|
| In re | ) | Chapter 7 |
|  | ) | Case No. 15-30448-MSH |
| ZULFIQAR A. YUSUF | ) |  |
| Debtor | ) |  |
|  | ) |  |

### TRUSTEE'S MOTION FOR ORDER APPROVING PRIVATE SALE OF PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363(b), (f) and (h)

Now comes Gary M. Weiner, Esq., Chapter 7 Trustee (the "Trustee") of the Estate of Zulfiqar A. Yusuf (the "Debtor"), by and through his counsel, Weiner Law Firm, P.C., and hereby moves, pursuant to Bankruptcy Code § 363(b), (f) and (h), and Bankruptcy Rule 6004(c) for authority to sell, by private sale, certain real property belonging to the bankruptcy estate (the "Estate"), located at 55 Glenn Drive, Wilbraham, Hampden County, Massachusetts, free and clear of all liens, encumbrances and claims of every kind and description, to Yvonne Grondin (the "Buyer") of 434 Moore Street, Ludlow, Massachusetts, or her nominee for the sum of $215,000.00, as set forth in more detail below. A corresponding Notice of Intended Private Sale of Property, Solicitation of Counteroffers, and Deadline for Submitting Objections and Higher Offers and Hearing Date (the "Notice of Intended Sale") is attached as Exhibit "A" to this Motion. In support of this Motion, the Trustee respectfully states as follows:

1. On May 19, 2015, the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

2. On or about May 20, 2015, Gary M. Weiner, Esq. was appointed Chapter 7 Trustee in this case, and he continues to serve in that capacity.

3. The matters set forth herein constitute core proceedings pursuant to 28 U.S.C. § 157(b)(2) (N).

Motion for Private Sale
In re: Zulfiqar A.; Yusuf
Case No. 15-30448-MSH
Page 2

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

5. Among the assets of the Estate is the real property located at 55 Glenn Drive, Wilbraham, Hampden County, Massachusetts (the "Property").

6. Said Property is owned by the Debtor. The Property is not the Debtor's residence, and is vacant. In his Schedules, the Debtor represents that he intends to surrender it. The Debtor further states that the Property was assessed at $279,100.00, and is subject to a first mortgage serviced by Bayview Loan Servicing, LLC ("Bayview") with a balance of approximately $249,061.70 and a second mortgage serviced by Bayview with a balance of approximately $13,249.00.

7. Pursuant to the Trustee's Motion to Employ Broker, which was filed with this Court on April 13, 2016, the Trustee engaged BK Global Real Estate Services, LLC as real estate broker (the "Broker"). The Broker has negotiated a short sale agreement with Bayview under which the bankruptcy estate will receive a "carve out", of $7,500.00 from the sale proceeds. The Broker will receive a commission of 6% of the sale price which is to be paid out of the sale proceeds and not out of the carve out funds.

8. The Trustee has entered into an agreement (subject to approval by this Court), to sell the Property to the Buyer for the sum of $215,000.00, The Buyers have paid a deposit of $2,000.00, which is being held by Boston National Title Company The agreement is contingent on the Buyers' ability to obtain a mortgage in the amount of $172,000.00 Upon information and belief, the Buyer has obtained said mortgage commitment. A copy of the Purchase and Sale agreement is annexed hereto as Exhibit "B".

9. On information and belief, the Buyer has no connection with the Debtor and are not insiders of the Debtor, as that term is defined in 11 U.S.C. § 101(14). The Trustee believes that the Buyer is a good faith purchaser as that term is used in 11 U.S.C. §363(m).

Motion for Private Sale
In re:  Zulfiqar A.; Yusuf
Case No. 15-30448-MSH
Page 3

10. The Trustee believes that a sale of the Property by private sale is in the best interest of the Estate. The Trustee believes that the price being paid exceeds that which would be realized at any other disposition, such as a public auction. In addition, because the Broker has been able to negotiate the "short sale" with the Lender, there will be a recovery for the Estate, even though the sale price is less than the balance owed on the mortgage debt.

11. As set forth in the Notice of Intended Sale served contemporaneously herewith, the Trustee will solicit any offers for the Property in an amount of $225,750.00 or more, which are accompanied by a deposit of at least $20,000.00, on the same terms and conditions as the offer made by the Buyer.

12. The Trustee further requests authority to make the following distributions from the sale: ordinary closing costs, the Broker's commission of 6% of the sale price, real estate taxes, and any related municipal charges on the Property.  Of the remaining proceeds, $7,500.00 will be retained by the Estate, and the balance will be remitted to the Lender on its secured claims.

13. The Trustee states that the sale of the Property under these circumstances is at least in part for the benefit of any creditors holding secured claims against the Property, so that payment of the fees and expenses relating to the sale of the Property, including the broker's commission, is allowable from the proceeds of the sale, pursuant to 11 U.S.C. § 506(c).

14. Please take notice that any objections or counteroffers to this private sale must be filed with the Clerk of the United States Bankruptcy Court, United States Courthouse, 300 State Street, Suite 220, Springfield, MA 01103 no later than December 1, 2016 at 4:30 p.m., with copies to counsel to the Trustee, Gary M. Weiner, Esq., Weiner Law Firm, P.C., 1441 Main Street, Suite 610, Springfield, MA 01103, and to the Buyer's counsel,

Motion for Private Sale
In re:  Zulfiqar A.; Yusuf
Case No. 15-30448-MSH
Page 4

    Peter Connor, Esq.,  Lyon & Fitzpatrick, LLP 14 Bobala Road, Suite 4, Holyoke, MA 01040.

15. Any objections or counteroffers must state the name and docket of this case.  Any objection must identify the party objecting to the proposed sale and must state the specific reasons for the objection.  Any reasons not set forth therein may be deemed to be waived.

16. If no objection or counteroffer is timely filed, the sale may be approved without further notice or hearing.

17. In the event that an objection or counteroffer is timely filed, the Court will schedule a hearing on whether or not the intended sale should be approved.  Any party filing an objection or counteroffer will be expected to appear at the hearing or have a representative appear on their behalf.  At that hearing, the Court may take further action without further notice to parties in interest.

    WHEREFORE, Gary M. Weiner, Esq., the Trustee respectfully requests that this Honorable Court enter an Order:

1. Authorizing the Trustee's Motion for Order Approving Private Sale of Property of the Estate, pursuant to 11 U.S.C. § 363(b), (f) and (h), to Yvonne Grondin or her nominee, free and clear of all liens and encumbrances, including tax liens, pursuant to the provisions of this Motion;

2. Declaring that all encumbrances shall attach to the proceeds of the sale, to the extent that they are valid and perfected, in the same priority as they are entitled to under applicable law, except for the "carve out" of $7,500.00 which will be preserved for the Estate;

Case 15-30448    Doc 46    Filed 11/08/16    Entered 11/08/16 14:01:50    Desc Main
Document    Page 5 of 5

Motion for Private Sale
In re: Zulfiqar A.; Yusuf
Case No. 15-30448-MSH
Page 5

3        Authorizing the Trustee to execute all documents necessary to complete the sale;

4.       Authorizing the Trustee to make payments from the sale proceeds to Bayview Loan Servicing, LLC, holder of the first and second mortgages on the Property, and for ordinary closing costs, real estate taxes, and the Broker's commission of 6% of the sale price, as set forth herein; and

5.       Granting such other and further relief as this Court deems just and proper.

>GARY M. WEINER, ESQ., Chapter 7 Trustee
>Of the Estate of Yusuf A. Zulfiqar,
>By his Counsel,
>
>/s/ Gary M. Weiner, Esq.
>Gary M. Weiner, Esq., BBO #548341
>WEINER LAW FIRM, P.C.
>1441 Main Street, Suite 610
>Springfield, MA 01103
>Tel. (413) 732-6840
>Fax. (413) 785-5666
>Email: Gweiner@Weinerlegal.com
>Date:   November 8, 2016